(116 So. 484)

No. 26911.

### HICKS CO., Limited, v. BAKER BROS. CO., Limited.

### Appeal of BEAL–BURROW DRY GOODS CO. et al.

March 12, 1928.

*(Syllabus by Editorial Staff.)*

1. **Bankruptcy ☞20(2)—Trustee in bankruptcy alone could demand accounting from receiver or complain of account rendered.**

Where, in creditors' action, receiver was appointed for debtor and thereafter debtor was adjudged a bankrupt and a trustee appointed to take charge of its estate, the trustee alone had right to demand an accounting from the receiver or to complain of account which receiver had rendered.

2. **Bankruptcy ☞20(2)—State court had jurisdiction of receiver's account if trustee in bankruptcy contested it therein.**

Where, in creditors' action, a receiver was appointed for debtor and thereafter debtor was adjudged a bankrupt and trustee appointed to take charge of its estate, state court had jurisdiction of the receiver's account if trustee in bankruptcy contested it therein, although trustee could have demanded accounting from receiver either in federal or state court.

3. **Bankruptcy ☞20(2)—Although bankruptcy proceeding terminated administration of insolvent estate in state court, state court retained authority to see that receiver rendered correct account.**

Where, in creditors' action, receiver for debtor was appointed, and thereafter debtor was adjudged a bankrupt, although bankruptcy proceedings terminated administration of insolvent estate by receiver in state court, the state court retained authority not only to transfer assets of debtor to trustee in bankruptcy but to see that receiver rendered correct account of his administration and was entitled to his quietus.

Appeal from Third Judicial District Court, Parish of Claiborne; J. E. Reynolds, Judge.

Action by the Hicks Company, Limited, and others against the Baker Bros. Company, Limited, in which a receiver was appointed for the defendant. From an order refusing to homologate the receiver's account and ordering him to turn over property to the trustee in bankruptcy of defendant, the Beal-Burrow Dry Goods Company and others appeal. Affirmed.

Munholland & Munholland, for appellants.
Goff & Barnette, of Arcadia, for appellee.

O'NIELL, C. J. The Baker Bros. Company was a corporation conducting a retail mercantile establishment at Athens, in Claiborne parish, La. The Beal-Burrow Dry Goods Company sued and obtained judgment against the Baker Bros. Company for an amount exceeding $6,000 on an open account. Thereupon two other creditors of the Baker Bros. Company, namely, Hicks Company and Monroe Hardware Company, filed a petition in the district court for Claiborne parish, alleging that the board of directors of the Baker Bros. Company had adopted a resolution saying that the corporation, although solvent, was not able to meet its obligations as they matured, and that it was therefore necessary that a receiver should be appointed to take charge of its affairs. A rule was served upon the corporation to show cause why a receiver should not be appointed, and, on hearing of the rule, which was not contested, the judge appointed L. E. Baker and E. Youngblood receivers, under $15,000 bond, with authority to carry on the business of the corporation as a going concern. Baker, who was president of the corporation, qualified as receiver, and proceeded to conduct the business of the corporation as a going concern. Youngblood did not qualify as receiver. Less than four months after the receiver was appointed, three creditors of the corporation, namely, Beal-Burrow Dry Goods Company, E. O. Manees, and Safferstone-Dreeben Hat Company, filed a petition in the United States District Court for the Western District of Louisiana to have the Baker Bros. Company adjudged a bankrupt, and

two months later the corporation was adjudged a bankrupt and a trustee was appointed to take charge of the bankrupt estate. L. E. Baker, receiver, promptly delivered over to the trustee the books of the corporation and the keys of the establishment, and filed in the district court of Claiborne parish a final account of his administration as receiver, with a petition praying to be authorized to turn over to the trustee in bankruptcy all of the property and effects of the corporation, and to be discharged from the receivership, and to have his bond canceled. The court ordered. the petition and account filed, and, after a delay of three weeks, there being no opposition made to the receiver's account, or to his petition to be discharged, judgment was rendered homologating the account, ordering the receiver to turn over all of the property and effects of the corporation to the trustee in bankruptcy, and ordering the receiver to be discharged and his bond canceled. One week afterwards, the three creditors on whose petition the Baker Bros. Company had been adjudged a bankrupt, namely, Beal-Burrow Dry Goods Company, E. O. Manees, and Safferstone-Dreeben Hat Company, filed a petition in the district court of Claiborne parish, contesting every item on the final account which had been filed by the receiver; and, on showing that the petition which the receiver had filed, praying to have his final account homologated and to be discharged, etc., had not been recorded in the receivership order book quite ten days when the account was homologated and the receiver discharged, the three creditors, opposing and contesting the account, prayed for and obtained a rule on the receiver to show cause why the order homologating his final account and ordering him discharged should not be rescinded, and why his final account should not be rejected, and why he should not be condemned for certain charges appearing on the account. Answering the rule

to show cause, the receiver pleaded that, inasmuch as a trustee in bankruptcy had been appointed to represent the bankrupt estate at the instance of the three creditors who were then contesting the receiver's final account, and opposing his discharge, the trustee in bankruptcy alone had authority to contest the account or to oppose the discharge of the receiver, and that the three opposing creditors therefore had no right of action or standing in court either to demand a rescission of the order discharging the receiver or to oppose or contest his final account. The judge overruled the plea, or rather ordered it to be regarded as an answer to the opposition to the receiver's final account, and rescinded the order homologating the account and discharging the receiver, and ordered the opposition to the final account fixed for trial. After hearing evidence on the opposition, the judge gave judgment, sustained by a written opinion, in which it appears that he found fault with only one item on the receiver's account—an item of $200 paid on an insurance premium on a policy of insurance taken out by the corporation before the receiver was appointed. The judge concluded, therefore, that the receiver's final account could not be homologated without being amended or recast; and he expressed the opinion that the bankrupt court alone had authority to amend or recast the account, and that he (the judge of the state court) had no such authority; hence he gave judgment sustaining the opposition of the three creditors, to the extent of refusing to homologate the receiver's account, ordering the receiver to turn over to the trustee in bankruptcy all of the property and assets and effects of the corporation and to render his account to the trustee in bankruptcy, and relegating all parties to the bankruptcy proceedings then pending in the federal court. The three complaining creditors, namely, Beal-Burrow Dry Goods Company, E. O. Manees, and Saffer-

Stone-Dreeben Hat Company, have appealed from the decision.

[1-3] The effect of the judgment appealed from was virtually to sustain the receiver's plea that the trustee in bankruptcy alone had the right to demand an accounting from the receiver, or to complain of the account which he had rendered. In that respect the judgment appealed from is correct. The judge expressed the opinion that the contest was not within his jurisdiction. The objection to his deciding the contest was not so much a question of jurisdiction or authority on the part of the court as it was a question of authority on the part of the complaining creditors to oppose the receiver's discharge, or to contest his final account. If the trustee in bankruptcy had contested the receiver's account, in the state court, the court would have had jurisdiction. Even yet, the trustee in bankruptcy may demand an accounting from the receiver, either in the bankruptcy proceedings in the federal court, or in the receivership proceedings in the state court, or he may yet contest, in the state court, the final account of the receiver, which the judge of that court has refused to homologate. Although the bankruptcy proceedings in the federal court put an end to the administration of the insolvent estate by the receiver in the state court, that court retained the authority, not only to transfer the assets of the insolvent corporation to the trustee in bankruptcy, but also to see that the receiver should render a correct account of his administration, and be entitled to his quietus. In re Watts, 190 U. S. 30, 23 S. Ct. 718, 47 L. Ed. 942.

The appellants are attempting to assert a right which the trustee in bankruptcy alone has as the representative of all of the creditors of the insolvent estate. 7 C. J. 246, § 386. The proper course for the appellants to pursue, as complaining creditors, is to go into the United States District Court and demand that the trustee in bankruptcy, on behalf of all of the creditors of the insolvent estate, shall either contest the receiver's account in the state court or demand a full and complete accounting either in the receivership proceedings in the state court or in the bankruptcy proceedings in the federal court.

The judgment is affirmed.